## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

ERIC LAMAR POWELL,            :
                                      :

         Plaintiff,           :
                                        :

                                      :        1:05-CV-7(WLS)

vs.                             :
                                        :

SOUTHERN HEALTH PROVIDERS,  :    **PROCEEDINGS UNDER 42 U.S.C. § 1983**

LENA COLLINS, LEE COUNTY JAIL,  :    <u>**BEFORE THE U.S. MAGISTRATE JUDGE**</u>
                                        :

         Defendants.        :
_____

## ORDER

Plaintiff, **ERIC POWELL**, filed the above-captioned complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $150.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty (20) percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

1

In the event the prisoner has no assets, payment of a partial filing fee prior to filing will be waived. Here, plaintiff's submissions indicate that he has $0.16 in his inmate account and is therefore unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that payment of the initial partial filing fee be waived.

Plaintiff also filed a motion seeking appointment of legal counsel to assist him in the above-captioned matter. This motion is premature. Until such time as responses have been made by the defendant and the court has had an opportunity to review both the complaint and the responses thereto, a proper evaluation of plaintiff's need for counsel cannot be made. The court on its own motion will consider appointing legal counsel for the plaintiff if and when it becomes apparent that legal assistance is required to avoid prejudice to his rights. Accordingly, at the present time the plaintiff's motion for appointment of counsel is **DENIED**.

## I. STANDARD OF REVIEW

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

## II.  PLAINTIFF'S CLAIM

Plaintiff alleges in his complaint that he contracted a staff infection which, caused "severe swelling in his upper leg" while housed at the Lee County Jail.  Plaintiff states that he was given medication but his "situation" did not improve.  Thereafter, plaintiff states that he requested to see a doctor but was denied said request by Lena Collins.

## III.  ORDER OF SERVICE

As for the claim against Lena Collins, at this juncture it cannot be found that it is wholly without merit.  In the recommendation entered on the same date as the within order, the undersigned recommends the dismissal of the Lee County Jail and Southern Health Providers.

While it is by no means clear that plaintiff will ultimately prevail on the merits, construing the complaint liberally in favor of plaintiff this court concludes that plaintiff has made sufficient allegations to survive frivolity review.   Accordingly, it is **ORDERED AND DIRECTED** that service be made as provided by law upon defendant Lena Collins.

### DUTY TO ADVISE OF ADDRESS CHANGE

**IT IS FURTHER ORDERED** that during the pendency of this action, each party shall at all times keep the Clerk of the court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS!**

### DUTY TO PROSECUTE ACTION

3

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. It is the responsibility of the parties to advise the court when this case is ready for trial; it will not be scheduled for trial absent a specific request from plaintiff or defendant.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court; to serve copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties!

### DISCOVERY

**Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom discovery is sought by plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.** Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that the**

4

**failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed WITHIN 90 DAYS of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned also incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed twenty-five (25) to each party, requests for production of documents and things under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed ten (10) requests to each party, and requests for admissions under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed ten (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

<u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.

Dispositive motions should be filed at the earliest time possible, but in any event, no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**</u>

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $150.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

After the filing of responsive pleadings by the defendant, the Clerk is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election form on whose behalf the form is executed.

**SO ORDERED**, this 3rd day of August, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

6

mh