IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ERIC LAMAR POWELL, | |
| Plaintiff, | |
| VS. | CIVIL ACTION FILE NO. 1:05-CV-7 (WLS) |
| LENA COLLINS, R.N., | |
| Defendant. | |

**RECOMMENDATION**

The complaint in this § 1983 *pro se* complaint was brought by a former detainee in the Lee County Georgia Jail and was received by the Clerk of Court on January 3, 2005 (document # 2). The order of service upon the defendant was filed on August 3, 2005 (document # 8). Plaintiff's copy of that order was returned to the Clerk of Court on August 8, 2005, marked that the plaintiff was no longer in jail. In his complaint plaintiff indicated that he was serving a one year sentence and that his probable release date was April 14, 2005 (document #2, p. 1). The last activity undertaken by the plaintiff in this matter occurred on January 28, 2005, when he filed a motion that was subsequently denied (document #6). As recently as December 5, 2005, mail sent to the plaintiff at the Lee County Jail was returned to the Clerk of Court marked "no longer in jail" (document #18). Plaintiff's present whereabouts are unknown and he has had no contact with the court since January 28, 2005.

Defendant answered the complaint on November 28, 2005, and filed the pending motion to dismiss pursuant to Fed. R. Civ. P. 41(b) on December 5, 2005 (documents #16, 20). While it is the usual policy of this court to give *pro se* plaintiffs notice of the filing of potentially dispositive

motions and an opportunity to respond in opposition, in view of the returned mail of December 5, 2005, sent to the only known address for the plaintiff, to do so here would amount to nothing more than an exercise in futility.  The plaintiff's service copy of the motion to dismiss and memorandum in support thereof will undoubtedly be returned to the office of defense counsel, just as plaintiff's service copy of this recommendation be returned to the office of the Clerk.  There will be no objections to this recommendation filed by plaintiff.  As set out by defense counsel, a diligent but unsuccessful search has been made for plaintiff who does not appear to be in a Georgia Department of Corrections facility.  Plaintiff appears to be one of those individuals who, upon being released from custody, loses his desire to proceed with his case.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff.  The petitioner has taken no meaningful steps to prosecute his case since filing a motion on January 28, 2005, and the Court has lost all contact with him. The plaintiff has had more than adequate time to commence pursuing his claim against this defendant but he has failed to do so. He has failed to communicate with the court for almost one year and has not

attempted to learn the status of his case..  Based on the above findings, the court finds that lesser sanctions will not suffice herein.  Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's case be dismissed for his failure to prosecute same.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

SO RECOMMENDED, this 9th day of December 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE